# Exhibit "B"

# Court of Common Pleas of Philadelphia County
## Trial Division
## Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**JANUARY 2012    001808**

E-Filing Number: 1201024524

| | |
|---|---|
| **PLAINTIFF'S NAME** KAYLA D'ALLESANDRO | **DEFENDANT'S NAME** CAVANAUGH'S RIVERDECK |
| **PLAINTIFF'S ADDRESS** 5 CENTENNIAL DRIVE BLACKSTONE MA 01504 | **DEFENDANT'S ADDRESS** 417 N. COLUMBUS BLVD. PIER 25 PHILADELPHIA PA 19123 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** STEVE J. WILSON |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 590 LOWER LENDING ROAD BLACKWOOD NJ 08012 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less  [X] More than $50,000.00 | [ ] Arbitration  [X] Jury  [ ] Non-Jury  [ ] Other: | [ ] Mass Tort  [ ] Savings Action  [ ] Petition | [ ] Commerce  [ ] Minor Court Appeal  [ ] Statutory Appeals | [ ] Settlement  [ ] Minors  [ ] W/D/Survival |

**CASE TYPE AND CODE**
2B - ASSAULT, BATTERY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
JAN 16 2012
S. GARRETT

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: KAYLA D'ALLESANDRO
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOHN R. TROTMAN | 1835 MARKET STREET SUITE 1717 PHILADELPHIA PA 19103 |
| **PHONE NUMBER** (215)564-1414 | **FAX NUMBER** (215)564-1919 |
| **SUPREME COURT IDENTIFICATION NO.** 76679 | **E-MAIL ADDRESS** jtrotman@stalawfirm.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** JOHN TROTMAN | **DATE SUBMITTED** Monday, January 16, 2012, 01:37 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

| SILVERMAN TROTMAN & SCHNEIDER, LLC<br>By: Louis Silverman, Esq./John Trotman Jr., Esq.<br>Identification Nos: 51504/76679<br>1835 Market Street - Suite 1717<br>Philadelphia, PA 19103-<br>lsilverman@stslawfirm.com<br>jtrotman@stslawfirm.com<br>215-564-1414 phone<br>215-564-1919 fax<br>Our file number: 21007 | *Attorneys for Plaintiffs*<br>Filed and Attested by<br>PROTHONOTARY<br>16 JAN 2012 02:13 pm<br>NOTICE TO PLEAD<br>YOU HAVE 20 DAYS TO<br>RESPOND TO THIS<br>COMPLAINT OR A DEFAULT<br>JUDGMENT MAY BE<br>ENTERED AGAINST YOU<br>(See Notice Below for Details) |
|---|---|
| KAYLA D'ALESSANDRO<br>5 Centennial Drive<br>Blackstone, MA 01504<br>vs.<br>CAVANAUGH'S RIVER DECK<br>Pier 25 · 417 North Columbus Blvd.<br>Philadelphia, PA 19123<br>and<br>STEVE J. WILSON<br>590 Lower Lending Road<br>Blackwood, NJ 08012 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>No: |

## NOTICE

You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street · 11th Floor
Philadelphia, PA 19107
(215) 238-6333

Case ID: 120101808

## AVISO

Le han demandado a usted en la corte. Si usted quire defenderce de estas demandas expuestas en las peginas siqueries, usted bene vente (20) dias de plazo al pertir de la fecha de la demanda y la notification. Mace faltz assentar uno comperencia escrita o en persona o con un abogado y entregar a la corte en forme escrite sus defendree o sus objectiones a los demandes on contra de su persona. See evisado que ei usted no se defenda, la corte tomare' medides y guade conouer le demando on contra suye sin perrio avise o notification. Adern la corte suedo decider a favor del demandante y require que usted cunola con todas las provisiones de uste demanda. Usted sued porder dinere o sus propiedeedes u oros cerechos importantes pere usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DOMOE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
1101 Market Street · 11th Floor
Philadelphia, PA 19107
Telefono: (215) 238-6333

Case ID: 120101808

| SILVERMAN TROTMAN & SCHNEIDER, LLC<br>By: Louis Silverman, Esq./John Trotman Jr., Esq.<br>Identification Nos: 51504/76679<br>1835 Market Street · Suite 1717<br>Philadelphia, PA 19103·<br>lsilverman@stslawfirm.com<br>jtrotman@stslawfirm.com<br>215-564-1414 phone<br>215-564-1919 fax<br>Our file number: 21007 | *Attorneys for Plaintiffs*<br><br>NOTICE TO PLEAD<br>YOU HAVE 20 DAYS TO<br>RESPOND TO THIS<br>COMPLAINT OR A DEFAULT<br>JUDGMENT MAY BE<br>ENTERED AGAINST YOU |
|---|---|
| KAYLA D'ALESSANDRO<br>5 Centennial Drive<br>Blackstone, MA 01504<br>   vs.<br>CAVANAUGH'S RIVER DECK<br>Pier 25 · 417 North Columbus Blvd.<br>Philadelphia, PA 19123<br>   and<br>STEVE J. WILSON<br>590 Lower Lending Road<br>Blackwood, NJ 08012 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>No: |

## CIVIL ACTION COMPLAINT

1. At all relevant times, plaintiff, Kayla D'Alessandro (hereinafter "plaintiff" and/or "D'Alessandro"), was an adult individual residing at the address identified in the caption.

2. At all relevant times, defendant, Steve J. Wilson (hereinafter "defendant" and/or "Wilson"), was an adult individual residing at the address identified in the caption.

3. At all relevant times, defendant, Cavanaugh's River Deck, hereinafter "defendant," "Cavanaugh's," and/or "River Deck" and/or was a business entity engaged in the service alcoholic beverages at the address identified in the caption.

1

Case ID: 120101808

4. At all relevant times, defendant Cavanaugh's sold, furnished and/or otherwise provided beer, liquor, alcohol and/or similar types of impairing beverages to defendant, Wilson.

5. At all relevant times, defendant Cavanaugh's (itself and by and through its employees, agents and/or ostensible agents) negligently and/or carelessly sold, furnished and/or otherwise provided beer, liquor, alcohol and/or similar types of impairing beverages to defendant Wilson while he was visibly intoxicated creating an unreasonable foreseeable risk of injury to plaintiffs and others similarly situated.

6. At all relevant times, defendant Cavanaugh's violated 47 P.S. § 4-493, et seq. in selling, serving, furnishing and/or otherwise providing defendant Wilson with beer, liquor, alcohol and/or similar types of impairing beverages.

7. At all relevant times and on approximately June 18, 2011 and/or June 19, 2011, plaintiff was a business invitee at defendant Cavanugh's.

8. While plaintiff was in front of defendant Cavanaugh's, at approximately 1:30a.m. on June 19, 2011 agents/employees of Cavanaugh's escorted a group of visibly drunk, disorderly and/or violent male patrons outside of the bar in the area where plaintiff was waiting to meet up with her friends.

9. Defendant Wilson was a member of the group of male patrons that was escorted out of the defendant Cavanuagh's by its agents.

10. When defendant Cavanaugh's agents escorted defendant Wilson and his group into the area where plaintiff was standing, defendant Wilson struck

2

and/or pushed plaintiff, causing her to be injured.

11. As a direct and proximate result of the actions of the liability-producing conduct of defendants, as further set forth herein, plaintiff, suffered and may continue to suffer serious and severe bodily injuries to her face, head, mouth, teeth, gums, nerves, cheek and/or knee which are or may be permanent in nature.

12. As a further result of the actions of the liability-producing conduct of defendants, as further set forth herein, plaintiff has suffered severe physical pain, aches, discomfort, anguish, humiliation, inconvenience, disfigurement, loss of life's pleasures, medical expenses, lost wages and/or lost earning capacity which she may continue to suffer the same for an indefinite time in the future.

13. Jurisdiction is proper because the aforementioned incident(s) occurred in Philadelphia County.

## COUNT I
## D'ALESSANDRO v. CAVANAUGH'S
## NEGLIGENCE

14. Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth here at length.

15. The negligence and/or carelessness of defendant, Cavanaugh's, itself and by and through it employees, agents and/or ostensible agents, included the following:

    a. negligent hiring of under-qualified bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents;

3

Case ID: 120101808

b. hiring bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents without making appropriate inquiries into their psychological profiles, dispositions and/or criminal records;

c. hiring bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents when it knew or should have known of their dangerous and violent propensities and/or inclination toward physically and/or verbally engaging with and/or antagonizing drunk, disorderly and/or apparently violent patrons;

d. failing to supervise and/or appropriately discipline, demote and/or terminate employees, agents, servants and/or workmen when it became apparent, or should have became apparent, that they were not appropriately qualified for their job(s);

e. physically and/or verbally engaging with and/or antagonizing drunk, disorderly and/or apparently violent persons, including defendant Wilson, and in doing so, escalating a dangerous situation outside the bar;

f. physically and/or verbally engaging with and/or antagonizing drunk, disorderly and/or apparently violent persons, including defendant Wilson, and in doing so, increasing the likelihood of violence and/or injury to plaintiff and/or those similarly situated;

g. inadequate or non-existent enforcement of policies relating to ejection of patrons from the premises and/or physically and/or verbally engaging drunk, disorderly and/or apparently violent persons;

h. failure to have in place and/or to make its bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents aware of policies relating to proper ejection of problem patrons from the bar;

i. failuring to timely notify the police of a problem at the bar, thereby allowing a dangerous situation to escalate and result in injury to plaintiff;

j. ejecting drunk, disorderly and/or apparently violent persons, including defendant Wilson, from the bar into an area where

4

        bystanders, such as plaintiff, would potentially be in close contact with them, increasing the risk of problems and or injury to plaintiff and/or those similarly situated;

k    failure to keep the defendant's establishment orderly and reasonably well policed;

l.    failing to ensure that plaintiff was reasonable and properly protected from assault, battery and/or negligent conduct of defendant Wilson;

m.    failure to properly train bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents how to adequately identify and deal with intoxicated persons;

n.    inadequate or non-existent enforcement of policies prohibiting the service of liquor or alcohol to visibly intoxicated persons;

o.    failure to have in place and/or to make its bartenders, employees, workers, bouncers, contractors, servers, staff and/or other agents aware of policies prohibiting the service of beer, liquor and/or other alcohol to visibly intoxicated persons;

p.    failure to timely and/or adequately examine the premises for intoxicated individuals and take appropriate measures;

r.    serving defendant beer, liquor, alcohol and/or similar types of impairing beverages to defendant Wilson when he was visibly intoxicated;

s.    allowing defendant Wilson to enter onto and/or remain on the premises when he was visibly intoxicated;

t.    actions and/or omissions which were in violation of 47 P.S. § 4-493, et seq. in serving defendant Wilson with beer, liquor, alcohol and/or similar types of impairing beverages resulting in civil liability for said conduct;

u.    vicarious liability for the acts and/or omissions its servants, employees, agents and/or ostensible agents in causing and/or contributing to the circumstances that led to the and injury of plaintiff;

5

Case ID: 120101808

16. As a direct and proximate result of defendants' negligence and/or other liability producing conduct as stated herein, plaintiff suffered serious and severe bodily injuries which are or may be permanent in nature.

17. As a direct and proximate result of defendants' negligence and/or other liability producing conduct as stated herein, plaintiff has received medical attention and care for her injuries, incurring various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, entitling her to recover for any and all such medical expenses and costs.

18. As a direct and proximate result of defendants' negligence and/or other liability producing conduct as stated herein, plaintiff has been unable to attend her daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

19. As a direct and proximate result of defendants' negligence and/or other liability producing conduct as stated herein, plaintiff has suffered loss of wages and/or loss of earning capacity and may continue to do so for an indefinite time in the future.

20. As a direct and proximate result of defendants' negligence and/or other liability producing conduct as stated herein, plaintiff has incurred and/or may continue to incur other financial expenses or losses which she is entitled to recover.

21. As a direct and proximate result of defendants' negligence and/or other

6

Case ID: 120101808

liability producing conduct as stated herein, plaintiff has suffered severe physical injuries, pain, aches, fear, mental anguish, humiliation, inconvenience, and/or loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

WHEREFORE, plaintiff demands judgment in her favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney's fees, costs and expenditures, delay damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

## COUNT II
## D'ALESSANDRO v. WILSON
## ASSAULT / BATTERY / NEGLIGENCE

22. Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth here at length.

23. At the aforementioned date and time defendant Sherwood intentionally assaulted and/or battered plaintiff.

24. At the aforementioned date and time defendant Sherwood unintentionally but negligently caused bodily injury plaintiff.

25. As a direct and proximate result of defendant's assault, battery and/or negligence plaintiff suffered serious and severe bodily injuries which are or may be

7

permanent in nature.

26. As a direct and proximate result of defendant's assault, battery and/or negligence plaintiff has received medical attention and care for her injuries, incurring various expenses for said care, and may be obligated to continue to expend such sums and expenditures for an indefinite time in the future, entitling her to recover for any and all such medical expenses and costs.

27. As a direct and proximate result of defendant's assault, battery and/or negligence plaintiff has been unable to attend her daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

28. As a direct and proximate result of defendant's assault, battery and/or negligence plaintiff has suffered loss of wages and/or loss of earning capacity and may continue to do so for an indefinite time in the future.

29. As a direct and proximate result of defendant's assault, battery and/or negligence plaintiff has incurred and/or may continue to incur other financial expenses or losses which she is entitled to recover.

30. As a direct and proximate result of defendant's assault, battery and/or negligence plaintiff has suffered severe physical injuries, pain, aches, fear, mental anguish, humiliation, inconvenience, and/or loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

8

Case ID: 120101808

WHEREFORE, plaintiff demands judgment in her favor and against defendant, for compensatory damages in an amount exceeding the limits of Compulsory Arbitration, plus attorney's fees, costs and expenditures, delay damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

SILVERMAN TROTMAN &
SCHNEIDER, LLC

*[signature]* 12/21/2011

Louis T. Silverman
John E. Trotman Jr.
*Attorneys for Plaintiffs*

9

Case ID: 120101808

## VERIFICATION

I, Kayla D'Alessandro, hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 1/16/12                                               X KD'Alessandro

Case ID: 120101808