**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAYLA D'ALESSANDRO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAVANAUGH'S RIVER DECK and | : | |
| STEVE J. WILSON | : | NO.  12-2277 |

**MEMORANDUM**

Norma L. Shapiro, J.                                                          May 29, 2013

This action arises out of an alleged assault that occurred outside defendant Cavanaugh's River

Deck ("Cavanaugh's") in June 2011.  In this diversity action, plaintiff brings a claim of negligence

against Cavanaugh's and claims of assault, battery, and negligence against Wilson.  Cavanaugh's

argues that it owed no duty to plaintiff because plaintiff was not on its premises when she was injured.

Cavanaugh's also argues that even if it did have a duty to plaintiff, its security guards acted reasonably

and could not have prevented plaintiff's injuries because the assault was not foreseeable.  The

defendant's motion for summary judgment will be denied because there are genuine issues of material

fact for a jury to resolve.

**I.  Background**

On the night of June 18, 2011, plaintiff, her cousin, and her cousin's friends went to

Cavanaugh's bar for a bachelorette party.  The group arrived in a bus around 11:00 p.m.  Around 1:30

a.m. on June 19, plaintiff and her group left the bar to wait outside for a bus to come for them.  While

plaintiff's group was waiting, defendant Wilson and/or his friends were ejected from the bar by

Cavanaugh's security.  Wilson and his friends were arguing with Cavanaugh's security over the

manner in which they were ejected.

At some point, Wilson began shouting insults at plaintiff's group standing nearby.  Wilson

allegedly struck plaintiff and caused her to fall.  Plaintiff suffered from multiple bruises and lacerations

to her face and body.  Plaintiff alleges that the assault caused the need for extensive dental work, permanent scarring, and life-changing post-traumatic stress.

## II.  Legal Standard

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Meditz v. City of Newark*, 658 F.3d 364, 369 (3d Cir. 2011).  A defendant moving for summary judgment bears the initial burden of demonstrating that there are no facts supporting the plaintiff's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986).  If the moving party meets its burden, the opposing party must introduce specific, affirmative evidence manifesting a genuine issue of material fact requiring a trial.  *See id.*  The court must draw all justifiable inferences in the non-movant's favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A genuine issue of material fact exists only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.* at 248.  The non-movant must present sufficient evidence to establish each element of its case for which it will bear the burden at trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

## III.  Discussion

### A.  Theory of Liability

Cavanaugh's argues that it cannot be liable because the alleged assault took place on the sidewalk outside Cavanaugh's rather than on its premises.  Cavanaugh's cites the Restatement (Second) of Torts § 344:

> A possessor of land who holds it open to the public for entry for his business purposes is
>
> subject to liability to members of the public while they are upon the land for such a
>
> purpose, for physical harm caused by the accidental, negligent, or intentionally harmful
>
> acts of third persons or animals, and by the failure of the possessor to exercise

reasonable care to

> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or
>
> otherwise to protect them against it.

Cavanaugh's might not be liable under premises liability articulated in the Second Restatement. Section 344 speaks only of "liability to members of the public while they are upon the land" and may not include a person on the sidewalk adjacent to the business premises. *See Morrison v. Molly Maguire's Pub*, No. 1398, 2003 WL 25318233 (Pa. Com. Pl. Mar. 17, 2003) (pub not liable where plaintiff was injured in a fight on the sidewalk outside the pub); *Ogozalek v. Goodfield*, No. 91-CIV-5080, 1993 WL 761647 (Pa. Com. Pl. June 24, 1993) ("[T]here exists no precedent in Pennsylvania holding section 344 applicable where the harm suffered by the plaintiff was the result of an injury which did not take place upon the defendant's land.").

Regardless of the application of § 344, this case is governed by the Third Restatement, not the Second Restatement.  The Court of Appeals has predicted that the Supreme Court of Pennsylvania will adopt the Restatement (Third) of Torts.  *See Covell v. Bell Sports, Inc.*, 651 F.3d 357, 364 (3d Cir. 2011); *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45-61 (3d Cir. 2009).  The Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 54 addresses the duty of landowners to those not on the land:

> (a) The possessor of land has a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land.
>
> (b) For natural conditions on land that pose a risk of physical harm to persons or property not on the land, the possessor of the land
>
> > (1) has a duty of reasonable care if the land is commercial; otherwise

(2) has a duty of reasonable care only if the possessor knows of the risk

or if the risk is obvious.

(c) Unless Subsection (b) applies, a possessor of land adjacent to a public walkway has

no duty under this Chapter with regard to a risk posed by the condition of the walkway

to pedestrians or others if the land possessor did not create the risk.

If Wilson, the alleged source of the harm, was not on Cavanaugh's property at the time of the injury, subsections (a) and (b) do not apply.  However, subsection (c) might apply because plaintiff alleges that Cavanaugh's created the risk on the public walkway because its employees escorted Wilson or his group outside and then continued the conflict.

Cavanaugh's liability is not confined to liability that might arise from its status as a landowner. Cavanaugh's might be liable if its security personnel were acting in the course of their employment or if the security personnel acted with apparent authority.[1]  *See* Restatement (Second) of Agency § 219; Compl. ¶ 15(u).  Cavanaugh's might also be liable for failing to prevent negligent or other tortious conduct by its agents.  *See* Restatement (Second) of Agency § 213(d).

A jury might reasonably conclude that Cavanaugh's had a duty to exercise reasonable care because its conduct created a risk of physical harm, whether the conduct or the harm occurred on or off the business's premises.  *See* Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 7 ("An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.").  Cavanaugh's might be liable, directly or vicariously, even though the alleged assault took place on the sidewalk outside Cavanaugh's bar.

---

[1]  The sources of liability mentioned in this opinion are not meant to express an opinion on their applicability.  This discussion is just to demonstrate that defendant's argument that the assault took place off of its premises is not sufficient to require entry of summary judgment, if we assume, as we must, that plaintiff's version of the facts is correct.

B.  Foreseeability

Cavanaugh's argues the assault on plaintiff was unforeseeable and Cavanaugh's security personnel could not have done anything to prevent the assault.  Cavanaugh's also argues this means its agents exercised reasonable care.  On a motion for summary judgment the court views the facts in the light most favorable to the non-movant.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

Plaintiff has introduced evidence the argument lasted ten to fifteen minutes.  *See* Pl. Resp. 7. There is evidence: Wilson's group was ejected from Cavanaugh's with unnecessary force; at least one security guard had to be held back to keep him from engaging in physical violence with members of Wilson's group; and security personnel yelled threats and insults at Wilson's group.  *See* Pl. Resp. 6-13.  There is also evidence Cavanaugh's had policies to avoid such confrontations in part to avoid risk to third parties.  There is conflicting testimony on these matters and a jury will need to assess the credibility of the witnesses.  If a jury finds plaintiff's evidence credible, it could reasonably find Cavanaugh's liable for the risk of foreseeable harm.

**IV. Conclusion**

Because a jury could reasonably find Cavanaugh's liable, the motion for summary judgment will be denied.  This action will be stayed pending the conclusion of any pending criminal proceedings relating to the assault to avoid infringing on Wilson's Fifth Amendment rights.  At that time, this action will be referred to Magistrate Judge M. Faith Angell for a jury trial.  An appropriate order follows.